SUCCESSION OF DURNFORD.

---

## SAUL, Commissioner, *v.* BRAND.

The certificate of a notary, by whom a note was protested for non-payment, that notice was given to the endorser, who resided in the place where the protest was made, by "a letter delivered to his bar-keeper, he not being in," is insufficient, in not mentioning the place at which the delivery to the bar-keeper was made—whether at the residence, or place of business of the endorser; but the defect may be cured by other evidence. The certificate should set forth such facts as would constitute a sufficient notice, if proved orally.

Where a party to a bill or note, entitled to notice of dishonor, resides in the place where the protest was made, the notice must be given either personally, or by leaving it at his residence or place of business. The act of 1827, has made no change in the general commercial law in this respect. It merely provides for another mode of proving, and preserving evidence of the manner in which the party was notified.

A PPEAL from the Commercial Court of New Orleans, *Watts*, J. The judgment of the court was pronounced by

KING, J. The defendant is appellant from a judgment rendered against him as endorser upon a promissory note, which was protested at maturity for non-payment.

The only evidence of the notice of dishonor is the certificate of the notary who protested the note, in which it is stated, that the defendant was notified by a written letter, "delivered to the defendant's bar-keeper, he not being in."

It is well settled that, when a party to a bill, entitled to notice of its dishonor, resides in the place where the protest is made, the notice must be either personal, or by leaving it at his residence or place of business. The act of 1827, has made no change in the rules of the law merchant in this respect, but has merely provided a different mode of making the proof, and for preserving the evidence of the manner in which the party was notified. The certificate must set forth such facts as would constitute a sufficient notice, if the testimony were received orally. In the present instance, it makes no mention of the place at which the delivery to the bar-keeper was made, whether at the residence, or place of business of the defendant, or elsewhere. The evidence is clearly in-

SAUL
v.
BRAND.

sufficient to show notice to the defendant; but the defect is one which may be supplied by other testimony. 3 Rob. 202. Bayley on Bills, 277. 6 La. 729.

It is, therefore, ordered that the judgment of the Commercial Court be avoided and reversed; and ours is in favor of the defendant, as in case of nonsuit, the plaintiffs paying the costs of both courts.

*Rawle*, for the plaintiff. *Marsoudet* and *R. H. Chinn*, for the appellant.